UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

NO. 23-1269

UNITED STATES OF AMERICA,
Plaintiff-Appellee

v.

JACOB JOHN PREUSCHL,
Defendant-Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

THE HONORABLE REBECCA GOODGAME EBINGER
UNITED STATES DISTRICT COURT JUDGE

APPELLANT'S BRIEF AND ARGUMENT (filed pursuant to *Anders v. California*)

Respectfully submitted,

*/s/ Eric D. Tindal*
Eric D. Tindal
Keegan, Tindal, & Jaeger
103 East College Street, Suite 312
Iowa City, Iowa 52240
Telephone: (319) 887-6900
Facsimile: (319) 688-2754
Email: eric@keeganlegal.com

**ATTORNEYS FOR DEFENDANT-APPELLANT**

# SUMMARY OF THE CASE

Mr. Jacob John Preuschl ("Defendant") was indicted in the Southern District of Iowa in a four-count indictment with Production of Child Pornography, in violation of 18 U.S.C. §§ 2251(a), and 2251(e); Receiving Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1); Possession of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) and Transfer of Obscene Material to Minors in violation of 18 U.S.C. § 1470. (R. Doc. 2).

At sentencing, the court determined the defendant's base offense level was 43 with a criminal history category I with an applicable USSG range of 480 months. (R. Doc. 48, at p. 1; Sent. TR 13:8-11). Defendant was sentenced to a total term of imprisonment on Count 1 of 300 months and 120 months on Count 2, with said sentences to be served concurrently with one another. (R. Doc. 49, p. 2; Sent. TR 35:10-18). The Court further ordered 7 years' supervised release to follow, $100 special assessments on each count and $13,000 in restitution. (Addendum p. 3, 7; Sent. TR 38:10-17; 39: 2-5).

Defendant argues his sentence is substantively unreasonable. Counsel submits this brief pursuant to *Anders v. California*, 386 U.S. 738 (1967); *accord Robinson v. Black*, 812 F.2d 1084 (8th Cir. 1987). Defendant does not request oral argument.

# TABLE OF CONTENTS

**SUMMARY OF THE CASE** ................................................................................ ii

**TABLE OF CONTENTS** ................................................................................. iii

**TABLE OF AUTHORITIES** ............................................................................ iv

**JURISDICTIONAL STATEMENT** ................................................................... 1

**STATEMENT OF THE ISSUES PRESENTED FOR REVIEW** ......................... 2

**STATEMENT OF THE CASE** .......................................................................... 3

**SUMMARY OF THE ARGUMENT** .................................................................. 5

**ARGUMENT** ................................................................................................... 6

**I. DEFENDANT'S SENTENCE WAS SUBSTANTIVELY UNREASONABLE AND CONTRARY TO JUSTICE** ............................ 6

    *A. Standard of Review* ............................................................................ 6

    *B. Defendant's Sentence is Substantively Unreasonable and Contrary to the Ends of Justice* ................................................................................. 7

**CONCLUSION** .............................................................................................. 11

**CERTIFICATE OF FILING AND SERVICE** ................................................. 13

# TABLE OF AUTHORITIES

**Cases**

*Anders v. California*, 386 U.S. 738 (1967)......................................................... ii, 5, 11

*Gall v. U.S.*, 552 U.S. 38 (2007) ............................................................................6, 7

*Robinson v. Black*, 812 F.2d 1084 (8th Cir. 1987) ........................................ ii, 5, 11

*U.S. v. Bevins*, 848 F.3d 835 (8th Cir. 2017) ...............................................................6

*U.S. v. Boykin*, 850 F.3d 985 (8th Cir. 2017) ..............................................................6

*U.S. v. Desantiago-Esquivel*, 526 F.3d 398 (8th Cir. 2008).......................................6

*U.S. v. Dorvee*, 616 F.3d 174 (2d Cir. 2010) ............................................................10

*U.S. v. Feemster*, 572 F.3d 455 (8th Cir. 2009)................................................. 6, 7, 8

**Statutes**

18 U.S.C. § 3553(a) .................................................................................... *passim*

**Miscellaneous**

Carissa Byrne Hessick, *Disentangling Child Pornography from Child Sex Abuse*, 88 Wash. U.L. Rev. 853, 860 (2011)..........................................................................10

Eric Griffin-Shelley, *Sex and Love Addicts, Who Sexually Offend: Two Cases of Online Use of Child Pornography*, 21 Sexual Addiction & Compulsivity: J. of Treatment and Prevention 322, 324 (2014).........................................................9

# JURISDICTIONAL STATEMENT

Defendant appeals following his guilty plea, conviction, and sentencing in the United States District Court for the Southern District of Iowa to one count of Receipt and Distribution of Child Pornography in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1). (R. Doc. 2). Jurisdiction was vested in the district court pursuant to 18 U.S.C. § 3231, Defendant having been named in an indictment filed December 8, 2021. (R. Doc. 2).

Defendant pleaded guilty on August 5, 2022 to Counts 1 and 4 of the Indictment filed April 13, 2022 (R. Doc. 32). Judge Jackson's Report and Recommendation was accepted by Judge Rebecca Goodgame Ebinger on September 28, 2022 . (R. Doc. 36). On January 25, 2023, Defendant appeared for sentencing. (R. Doc. 49; Addendum p. 1). Judgment was entered and Defendant was sentenced to a term of imprisonment of 300 months, with 7 years' supervised release to follow and $13,200 in special assessments and restitution. (R. Doc. 49; Addendum p. 2–3, 7; Sent. TR 35:10-18; 38:10-17).

On February 7, 2023, Defendant filed a timely Notice of Appeal. (R. Doc. 51). This Court has jurisdiction to consider Defendant's appeal pursuant to 28 U.S.C. § 1291, authorizing jurisdiction of appeals from all final decisions of the district courts.

# STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

I. Whether Defendant's sentence is substantively unreasonable, contrary to notions of justice and the goals of sentencing pursuant to 18 U.S.C. § 3553(a).

Authority

18 U.S.C. § 3553(a).

*Gall v. U.S.*, 552 U.S. 38 (2007).

*U.S. v. Feemster*, 572 F.3d 455 (8th Cir. 2009).

## STATEMENT OF THE CASE

This is a direct appeal by Defendant requesting vacation of the imposed sentence of 300 months' incarceration with the United States Bureau of Prisons, seven years' supervised release, $200 special assessment, and $13,000 in restitution.

Defendant pleaded guilty on August 5, 2022 to Counts 1 and 4 of the Indictment filed April 13, 2022 (R. Doc. 32). Judge Jackson's Report and Recommendation was accepted by Judge Rebecca Goodgame Ebinger on September 28, 2022 . (R. Doc. 36). On January 25, 2023, Defendant appeared for sentencing. (R. Doc. 49; Addendum p. 1). Judgment was entered and Defendant was sentenced to a term of imprisonment of 300 months, with 7 years' supervised release to follow and $13,200 in special assessments and restitution. (R. Doc. 49; Addendum p. 2–3, 7; Sent. TR 35:10-18; 38:10-17).

Prior to sentencing neither party filed objections to the PSR. Both parties filed sentencing memoranda. (R. Doc. 43, 45).

The Court calculated the guidelines for Counts 1 and 4. Concerning Count 1 the Court determined there was a base offense level of 32The base offense level was enhanced by 2-levels for involvement of a minor between 12 and 16 years of age USSG § 2G2.2(b)(1)(b); another 2-levels for the commission of a sexual act pursuant to USSG § 2G2.2(b)(2)(A); 4-levels for sadistic or masochistic materials pursuant to USSG § 2G2.2(b)(4); 2-levels for use of a computer pursuant to USSG §

3

Appellate Case: 23-1269    Page: 7    Date Filed: 07/11/2023 Entry ID: 5294654

2G2.1(b)(6) (R. Doc. 42 at p. 12; Sent TR. 11-12: 20-12). Count 4 was calculated as having a base offense level of 10 with a six-level enhancement for distribution to a minor with intent to persuade the minor to engage in illegal activity pursuant to USSG § 2G3.1(b)(1)(D); 2-levels for use of a computer pursuant to USSG § 2G2.1(b)(6). (R. Doc. 42 at p. 13; Sent TR. 12:13-20). Defendant was then given 3-levels credit for acceptance of responsibility leaving him at a total offense level of 43 and a Criminal History Category I. (Sent. TR: 13: 8-11). The guideline range for the offense was 480 months. (Sent. TR: 13:9-11).

On January 25, 2023, Defendant appeared for sentencing. (R. Doc. 48, 49; Addendum p. 1). Judgment was entered and Defendant was sentenced to a term of imprisonment of 300 months with 7 years' supervised release to follow and $200 in special assessments with $13,000 in restitution. (Addendum p. 2–3, 6; R. Doc. 49).

4

Appellate Case: 23-1269   Page: 8   Date Filed: 07/11/2023 Entry ID: 5294654

## SUMMARY OF THE ARGUMENT

Defendant contends his sentence of 300 months' incarceration, 7 years supervised release, and $200 special assessment with $13,000 restitution is substantively unreasonable and contrary to justice.

This brief is filed pursuant to the direction of *Anders v. California*. 386 U.S. 738 (1967); *accord Robinson v. Black*, 812 F.2d 1084 (8th Cir. 1987). Counsel directs the Court to "anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. Counsel further requests the right to withdraw.

# ARGUMENT

## I. DEFENDANT'S SENTENCE WAS SUBSTANTIVELY UNREASONABLE AND CONTRARY TO JUSTICE

*A. Standard of Review*

When reviewing a sentence, a two-prong approach is utilized. First, the Court considers whether the district court committed any "'significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence.'" *U.S. v. Bevins*, 848 F.3d 835, 839 (8th Cir. 2017) (quoting *Gall v. U.S.*, 552 U.S. 38, 51 (2007)); *accord U.S. v. Feemster*, 572 F.3d 455, 461 (8th Cir. 2009); *U.S. v. Hill*, 552 F.3d 686, 690 (8th Cir. 2009) (citation omitted); *U.S. v. Smith*, 573 F.3d 639, 658–59 (8th Cir. 2009) (citations omitted). The *Gall* list of procedural error, however, is not all-inclusive and other errors may be considered. *U.S. v. Desantiago-Esquivel*, 526 F.3d 398, 401 (8th Cir. 2008).

After considering procedural issues, the Court's second prong is to consider the substantive reasonableness of the sentence. *Gall*, 552 U.S. at 51; *accord Feemster*, 572 F.3d 455 at 462 (citation omitted). In so doing, a deferential abuse of discretion standard is applied. *Gall*, 552 U.S. at 41; *accord U.S. v. Boykin*, 850 F.3d 985, 988 (8th Cir. 2017) (citation omitted); *Bevins*, 848 F.3d at 841 (citation

6

Appellate Case: 23-1269   Page: 10   Date Filed: 07/11/2023 Entry ID: 5294654

omitted); *Feemster*, 572 F.3d at 461 (citation omitted). The appellate court is to examine the totality of the circumstances when applying this standard. *Gall*, 552 U.S. at 51; *accord Feemster*, 572 F.3d at 461.

> A district court abuses its discretion when it (1) 'fails to consider a relevant factor that should have received significant weight'; (2) 'gives significant weight to an improper or irrelevant factor'; or (3) 'considers only the appropriate factors but in weighing those factors commits a clear error of judgment.'

*Feemster*, 572 F.3d at 461 (citation omitted); *accord Boykin*, 850 F.3d at 988. "The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." *Gall*, 552 U.S. at 51.

If a sentence is within the Guideline range, an appellate court may, but is not required, apply a presumption of reasonableness. *Feemster*, 572 F.3d at 461 (citing *Gall*, 522 U.S. at 51). If, however, the sentence is outside the Guidelines, the appellate court "'must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Id.* at 461–62 (citing *Gall*, 522 U.S. at 51).

### B. Defendant's Sentence is Substantively Unreasonable and Contrary to the Ends of Justice

The District Court imposed an unreasonable sentence contrary to justice in sentencing Defendant, imposing a sentence longer than necessary to achieve the goals of sentencing.

7

At the time of sentencing the defendant was 24 years old. (R. Doc. 42 at ¶ 89). The defendant's childhood was characterized by instability. (R. Doc. 42 at ¶¶ 89-90, 97). This history increased Defendant's prevalence for problematic sexual behaviors. (R. Doc. 45, p.4). Defendant's sentencing memorandum and letters of support present substantial evidence of an individual likely to be rehabilitated and highly unlikely to recidivate. (R. Doc. 45).

A procedural error arises when a trial court fails to calculate the guideline range, improperly calculates the guideline range, fails to consider 3553(a) factors, selects a sentence on clearly erroneous facts, or fails to adequately explain the chosen sentence – including an explanation for any deviation from the guideline range. *United States v. Feemster,* 572 F.3d 455, 461 (8th Cir. 2009).

Alternatively, a district court abuses its discretion where it fails to consider relevant factors which should be given significant weight, gives improper weight to appropriate factors, or gives significant weight to an improper or irrelevant factor. *Id.*

Here, the defendant's sentence was substantively unreasonable. The child pornography guidelines give little guidance to courts to determine a reasonable and just sentence in these cases. In a particularly persuasive opinion, Senior United States District Judge Jack B. Weinstein articulates the problems with said guidelines in *United States v. R.V.*, 157 F.Supp.3d 207 (E.D. New York, January 21, 2016).

8

Judge Weinstein notes that through most of the twentieth century images of child pornography were "usually produced at the local level, were costly and of poor quality, and were difficult to acquire." *Id.* at 226 quoting Eric Griffin-Shelley, *Sex and Love Addicts, Who Sexually Offend: Two Cases of Online Use of Child Pornography*, 21 Sexual Addiction & Compulsivity: J. of Treatment and Prevention 322, 324 (2014)). In the 1980s the crack down upon the child pornography trade was so successful that the market for child pornography was "all but nonexistent." See Erik Faust, *et al. Child Pornography Possessors and Child Contact Sex Offenders: A Multilevel Comparison of Demographic Characteristics and Rates of Recidivism*, Sexual Abuse: A Journal of Research and Treatment (Feb. 19, 2014). The evolution of the internet changed all of this.

As previously stated, and well within the province of judicial notice, the internet has become the most fundamental global communication and knowledge infrastructure in history. Currently internet and computer use has saturated all demographic categories. Internet has also largely removed physical barriers to obtaining child pornography. *Id.* at 233. Judge Weinstein describes child pornography offenders in the following manner:

> Child pornography offenders can be broadly divided into two main categories: those who produce child pornography and those who are viewers of child pornography. By definition, producers of child pornography are child molesters, frequently representing the worst and most dangerous type of offender. Non-production offenders, by

9

contrast, encompass a wide range of individuals with varying degrees of culpability. They include occasional viewers with no particular sexual interest in children as compared to adults; viewers with pedophilic tendencies who are aroused by images of minors but do not possess the intent or capacity to engage in any sexual contact with a minor; users of peer-to-peer files who passively and unintentionally distribute child pornography received on their computers; viewers who intentionally engage in the trafficking of child pornography for economic or psychic gain; and viewers who have, intend to, or are likely to, engage in sexual contact with a minor—*i.e.,* actual or potential child molesters.

Child pornography viewing is played out against a primal parental fear of pedophiles harming their children. While there is a degree of overlap between child pornography viewers and child molesters, most non-production child pornography offenders—and particularly the one now before the court for sentencing—show no *mens rea* suggesting the likelihood of future harm to children.

*R.V.,* 157 F. Supp. 3d at 210.

Study after study has reflected the recidivism rates of child pornography offenders are low. But "modern practices [focusing on child pornography offenders] have resulted in some defendants who possess child pornography receiving longer sentences than defendants who sexually abuse children." Carissa Byrne Hessick*, Disentangling Child Pornography from Child Sex Abuse*, 88 Wash. U.L. Rev. 853, 860 (2011); *U.S. v. Dorvee,* 616 F.3d 174, 184 (2d Cir. 2010).

Further, imposition of the harsh Guidelines sentence in this case does not serve the intended deterrent effect. 18 U.S.C. § 3553(a)(2)(B). That is, the desired deterrent effect is not realized when those in federal court receive the higher Guidelines sentence while those in states where marijuana has been legalized or

10

decriminalized will not face such penalties. Additionally, a goal of general deterrence cannot be realized by the imposition of harsh penalties when society supports legalization. These considerations should have been given more weight by the District Court in determining a sentence in this matter.

Under the facts of this case the district court committed procedural error, and/or abused its discretion. Further the sentence was substantively unreasonable.

## CONCLUSION

For the foregoing reasons, Defendant Jacob Preuschl respectfully requests this Court vacate his sentence and remand the matter for resentencing.

This brief is filed pursuant to the direction of *Anders v. California*. 386 U.S. 738 (1967); *accord Robinson v. Black*, 812 F.2d 1084 (8th Cir. 1987). Counsel directs the Court to "anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. Counsel further requests the right to withdraw.

/s/ Eric D. Tindal
Eric D. Tindal
Keegan, Tindal, & Jaeger
103 East College Street, Suite 312
Iowa City, Iowa 52240
Telephone: (319) 887-6900
Facsimile: (319) 688-2754
Email: eric@keeganlegal.com
**ATTORNEYS FOR DEFENDANT-APPELLANT**

# CERTIFICATE OF COMPLIANCE

The undersigned certifies the foregoing brief complies with the type-volume limitation of Fed. R. App. Pro. 32(a)(7)(B) because this brief contains 2,892 words.

The undersigned certifies this brief complies with the typeface requirements of Fed. R. App. Pro. 32(a)(5) and the type style requirements of Fed. R. App. Pro. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Office 365, Times New Roman font face in font size 14. The undersigned certifies this brief and addendum are virus free.

*/s/ Eric D. Tindal*
Eric D. Tindal
Keegan, Tindal, & Jaeger
103 East College Street, Suite 312
Iowa City, Iowa 52240
Telephone: (319) 887-6900
Facsimile: (319) 688-2754
Email: eric@keeganlegal.com
**ATTORNEYS FOR DEFENDANT-APPELLANT**

Appellate Case: 23-1269    Page: 16    Date Filed: 07/11/2023 Entry ID: 5294654

## CERTIFICATE OF FILING AND SERVICE

The undersigned certifies the foregoing instrument was electronically July 9, 2023 with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit using the CM/ECF system, which will send notification of such filing to all parties to the above cause and to each of the attorneys of record herein at their respective addresses registered with the CM/ECF system. A paper copy will be mailed to Defendant within 5 days of receipt of the notice the brief has been filed.

*/s/ Eric D. Tindal*
Eric D. Tindal
Keegan, Tindal, & Jaeger
103 East College Street, Suite 312
Iowa City, Iowa 52240
Telephone: (319) 887-6900
Facsimile: (319) 688-2754
Email: eric@keeganlegal.com
**ATTORNEYS FOR DEFENDANT-APPELLANT**
